IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PHILONDA C. GOODSEAL,

    Plaintiff,

v.                                               Case No. 05-CV-2393 JWL-DJW

LOWE'S HOME CENTERS, INC.,

    Defendant.

## STIPULATED PROTECTIVE ORDER

Plaintiff Philonda C. Goodseal and Defendant Lowe's Home Centers, Inc., through their respective attorneys of record, stipulate that because confidential documents are expected to be produced and used as exhibits in this matter, this Order shall govern the handling of documents, depositions, deposition exhibits, responses to any discovery requests, including responses to interrogatories, document requests and requests for admissions, inspections, examinations of premises, facilities and physical evidence, disclosures and any other information produced, given or exchanged by and among the parties and non-parties to this action.

NOW THEREFORE, upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential or proprietary information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.     This Protective Order shall apply to all documents, materials, and information, including documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.     As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" may include the following categories of documents:

    A. Personnel records and information pertaining to Plaintiff and other employees of Lowe's Home Centers, Inc.;

    B. Employer policies and procedures that are proprietary to Lowe's Home Centers, Inc. and not made public;

    C. Tax records and financial documents relating to Plaintiff;

    D. Medical records relating to Plaintiff;

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it, the consent of the individual whose personnel file is at issue, or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) the parties;

    (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e) the Court and its employees ("Court Personnel");

    (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses to the extent such disclosure is necessary to the witness' deposition or trial testimony and preparation therefore; and

(h) other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, the parties, Court Personnel and stenographic reporters), the parties agree that counsel shall provide such person with a copy of the Protective Order and obtain from such person a written acknowledgment stating that he or she has read the Protective Order and agrees to be bound by its provisions. The parties further agree that all such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents will be designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever an exhibit to a deposition involves the disclosure of CONFIDENTIAL information, the deposition exhibit or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of the Protective Order. It is further ordered that such designation shall be made on the record during the deposition.

**8.** A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information, and that the written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within thirty (30) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject

to the terms of the Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of the Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with the Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. Any party must move the Court to file documents under seal. When filing any documents that contain information designated CONFIDENTIAL information, such documents shall be filed in sealed envelopes marked with the title of the action and bearing a statement substantially in the following form:

**CONFIDENTIAL**
**FILED UNDER SEAL PURSUANT TO AN ORDER DATED _____, 2006, GOVERNING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION OBTAINED DURING THE COURSE OF THIS LITIGATION.**

**THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY OR TO QUALIFIED PERSONS OR BY COURT ORDER.**

All such materials so filed shall be released from confidential treatment only upon further order of the Court.

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, at the expense of the party originally providing the document, or the parties may elect to destroy CONFIDENTIAL documents.

Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an written statement confirming the destruction.

11.     The Court may modify this Protective Order at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

This Stipulated Protective Order is made an Order of the Court on this 7[h] day of June, 2006.

BY THE COURT:

s/ David J. Waxse
United States Magistrate Judge

SO STIPULATED AND APPROVED this 7th day of June, 2006.


| /s/ *Jennifer L. Martin* | /s/ *Erin A. Webber* |
|---|---|
| Jennifer L. Martin, #21127 | Erin A. Webber, #70548 |
| The Law Offices of Jennifer L. Martin, LLC | Joshua B. Kirkpatrick, *Pro Hac Vice* |
| 9229 Ward Parkway, Suite 370 | LITTLER MENDELSON |
| Kansas City, MO 64114 | A Professional Corporation |
| | 1200 17th Street |
| ATTORNEY FOR PLAINTIFF PHILONDA GOODSEAL | Suite 1000 |
| | Denver, CO 80202.5835 |
| | Telephone: 303.629.6200 |
| | |
| | Keith C. Hult, *Pro Hac Vice* |
| | LITTLER MENDELSON |
| | A Professional Corporation |
| | 200 N. LaSalle Street |
| | Suite 2900 |
| | Chicago, IL 60601 |
| | |
| | Attorneys for Defendant |
| | LOWE'S HOME CENTERS, INC. |